## James Gaines v. William Gaines.

1. VERDICTS—*On Conflicting Evidence.*—Where the evidence is conflicting the verdict settles the controversy.

Assumpsit, for services, etc. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding.

Heard in this court at the November term, 1900.  Affirmed.  Opinion
filed February 28, 1901.

Mabin & Clark, attorneys for appellant.

Evans & McDowell, attorneys for appellee.

Mr. Justice Burroughs delivered the opinion of the court.

Appellee sued appellant in the Circuit Court of Vermil-
ion County in an action of assumpsit to recover $500 for
services rendered, material furnished and moneys expended
by the former at the request of the latter.  Appellant, in
addition to denying the claim of appellee, by way of set-
off, set up that appellee owed him $340 for rent of land.

The case was tried by jury and resulted in a verdict and
judgment in favor of appellee for $158.

Appellant brings the case to this court by appeal, and
urges a reversal of the judgment on the ground that the
verdict is against the evidence, or at least, that the dam-
ages assessed are excessive.

The evidence discloses that appellant lives in Edgar
county, is over seventy-five years old, the uncle of appel-
lee, and owns a large farm in Vermilion county, near where
his nephew lives.  Appellee testifies that on January 12,
1897, his uncle requested him to attend to renting his farm
for him, and to see that his tenants paid him his share of
the crops grown upon the farm as rent, and he would pay
him well for so doing; that through the year 1897, he did
as requested, and also repaired the fences upon the farm,
furnished and paid for material for so doing, looked after
some cattle which his uncle had on the farm, and trans-
acted other business for his uncle, all at his request.

Appellee continued to look after renting the farm for
1898, hauled rent corn to market, repaired fences, and trans-
acted other business for his uncle as he had in 1897, and
gave the time he was thus employed and moneys he paid
out for material and expenses incurred while so employed,
amounting in all to over $300 for the two years.  Appellee
also rented of appellant, thirty acres of the pasture land
of the farm for the years 1897, 1898 and 1899, for himself,

for which he was to pay $75 rent per year. (Appellant, however, claims he agreed to pay $90 for 1899.)

Appellee paid appellant the $75 rent for 1897, but never paid him for the other two years, as he claims, because appellant owed him for the above named services and moneys expended for him.

Appellant denies ever requesting appellant to look after renting this farm for him, or that he ever did so, but admits that appellee attended to some cattle for him which were on the farm, and that he repaired some fence for him, which together, was not worth more than $40; and that he let him have the use of sixty-five acres of corn stalk pasture which was worth $40.

Upon some matters in dispute between them, appellee was corroborated by disinterested witnesses, but in the main, appellant and appellee contradicted each other upon vital questions at issue between them.

We have carefully read and considered all the evidence in the bill of exceptions, and are unable to conclude that the verdict is against the evidence, or the damages assessed are excessive, hence we will affirm the judgment.

Affirmed.